MITSUBISHI SHOJI KAISHA, LIMITED, Plaintiff, *v.* NORDDEUTSCHER-LLOYD, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 25, 1938.

*Hill, Rivkins & Middleton [Eugene P. McCue of counsel], for the plaintiff.*

*Ellwood Colahan [John Scott Stella of counsel], for the defendant.*

GARRISON, J. The defendant herein has moved before answer under a special appearance to dismiss the complaint on the ground that being a foreign commerce carrier an undue burden will be placed upon the defendant to defend in this forum in view of the prohibition contained in the Federal Constitution. It is conceded that the plaintiff is a foreign corporation doing business in this forum and that the defendant is a foreign corporation engaged in foreign commerce in the United States and doing business in this forum.

From my analysis of the cases, I am of the opinion that there is only one question to be determined upon this motion, and that is a question of fact as to whether or not an undue burden upon the foreign commerce of the United States will result should this defendant be required to defend in this forum. Before deter-

mining that question, it is advisable that comment be made as to the plaintiff's contention that the nature of the transaction herein is not a transaction within the meaning of "foreign commerce" over which regulation has been expressly granted to Congress and surrendered by the individual States. Plaintiff has ably analyzed the point involved and the argument would be most persuasive were it not for the case of *Ball* v. *Canadian Pacific Steamships* (276 N. Y. 650), recently reviewed by the Court of Appeals. As I analyze the result of that appeal and the affirmance in the Court of Appeals, it appears that the argument of the plaintiff in the instant case is not tenable, and the contention raised herein was rejected by the Court of Appeals when the matter was squarely presented. In the *Ball* case the defendant, Canadian Pacific Steamships, Ltd., by a special appearance, moved before me to dismiss the complaint on the ground that it was a foreign commerce carrier not doing business in this forum, and (upon suit by a non-resident plaintiff in a transaction relating to an extraterritorial contract of bailment, no part of which was consummated or came within the United States) an undue burden would have been imposed upon it within the commerce clause of the Federal Constitution (U. S. Const. art. 1, § 8, cl. 3), if required to defend in this forum. That transaction involved a shipment of goods from Winnipeg, Canada, through Canada, via the steamship of the defendant to the British Isles. The plaintiff was an adjuster and an assignee (representing an insurance company) who resided in the State of Connecticut, and resorted to this forum to enforce his rights after the assignment on the alleged claim for damages for breach of the contract of carriage. While it was determined adversely to the defendant Canadian that it was doing business in this forum, nevertheless, I sustained the defendant's contention that an undue burden would be placed upon it under the Federal Constitution if required to defend here. I did not have the benefit of the elaborate and painstaking presentation of the point relating to foreign commerce as was made in the instant case and as was made in the Court of Appeals in the *Ball* case. I have examined the briefs on both sides upon the argument in the Court of Appeals. Plaintiff Ball contended in the Court of Appeals that that transaction was not such a transaction as was protected and contemplated within the Federal Constitution; and Ball's contention may fairly and reasonably be considered to have been overruled by the Court of Appeals in affirming the order of the lower court and the finding of the lower court that there was an undue burden placed upon the defendant under the circumstances.

In the lower court's opinion in the *Ball* case (6 N. Y. Supp. [2d] 877) it was held that "To exercise jurisdiction in this case would require an unconstitutional application of the statute cited."

The transaction in the instant case is on all fours with the *Ball* case upon the main points involved. The contention of counsel for the plaintiff, Mitsubishi, is not tenable for the reasons indicated.

The main question, therefore, in the case is: Will an undue burden be imposed upon the defendant Norddeutscher-Lloyd? All of the reported cases which have been cited and with which I am familiar hold that it becomes a question of fact under all of the circumstances of each particular case. In any forum in which this action may be brought, it will undoubtedly require the taking and reading of depositions, and it is highly improbable, as I read the affidavits, that the defendant in any forum would undertake the great expense of transportation, loss of time of its employees, etc., to marshal all of its witnesses in person before a court. The prosecution or defense by or against common carriers is undertaken in every-day practice by resort to and reliance upon the depositions of necessary witnesses who are never produced in court nor come within the jurisdiction. No unfair advantage or injustice is or will result by a trial in this forum by the defendant's introducing its proof by deposition, and undoubtedly an expert witness will be produced. Presumably he will be equally competent with any such expert witness from any other jurisdiction. No hindrance to commerce with the citizens and the subjects of the States can reasonably be foreseen and the defense will rest in the hands of counsel equally competent with counsel elsewhere in the world attainable.

It should be noted that the plaintiff, Mitsubishi, contributes to the government of, and the judicial system of, this State.

For all of the foregoing reasons, therefore, the motion to dismiss is denied, and defendant is permitted to answer generally and serve and file its answer within five days after service of a copy of this order with notice of entry thereon.