JULIUS HAUER and JOHANNA HAUER, Plaintiffs, *v.* ITALIAN LINE, " ITALIA "-SOCIETA ANONIMA DI NAVIGAZIONE OF GENOA, Defendant.

Supreme Court, Special Term, New York County, January 10, 1941.

*Jack Flamhaft*, for the plaintiffs.

*Dorsey, Adams & Walker* [*William J. Walker* and *James W. Innes* of counsel], for the defendant, appearing specially.

VALENTE, J. The present action is brought by non-resident aliens against the Italian Line to recover for loss of personal property as the result of the sinking of a ship of the defendant while *en route* from Genoa to Arica, Bolivia. The complaint alleges that the defendant is liable for breach of its contract to use due care and caution in the protection of the property and to deliver it safely to plaintiffs on their arrival at Arica, Bolivia.

It appears that nothing in any way connected with the transactions between the plaintiffs and the defendant, from the purchase of their tickets to the loss of the vessel, took place in the United States or was in any way connected with the activities of the defendant in New York. It further appears that all of the witnesses whose testimony would be required to defend the action are employees of the defendant in Italy or are residents and citizens of Italy, and that the New York office has had nothing whatsoever to do with the transaction and has no records or data relating to it or to the loss of the vessel. Because of war conditions it is claimed that it is a practical impossibility for the defendant to secure the presence of any witnesses here or to send any person to Italy to investigate the case. The contract of carriage was made in Germany.

Although the court sympathizes with the plight of the plaintiffs, as outlined in the opposing affidavits, it is constrained to hold that to compel the Italian Line to defend the action in this State would be unconstitutional in that it would impose an undue burden upon foreign commerce. The case of *Ball* v. *Canadian Pacific Steamships, Ltd.* (276 N. Y. 650), appears to be directly in point. The holding in *Mitsubishi Ltd.* v. *Norddeutscher-Lloyd* (169 Misc. 235), relied upon by plaintiffs, is clearly distinguishable in that there, on the peculiar facts of the case, the court found that in any forum in which the action might be brought it would be necessary for the defendant to introduce depositions in evidence and

to transport witnesses at great expense. In the instant case, however, this is not true for the defense of the action in Italy, for example, would entail no such expense or burdens as would be involved in the defense of the action in this State. Furthermore, the existence of the war may make it impossible for the defendant to defend here.

The motion to dismiss the action is accordingly granted.